**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-2094
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

OSCAR MEDINA-GUTIERREZ and FULTON STEVENS, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Texas

_____
(December 23, 1992)

Before KING, JOHNSON, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Defendants were convicted for firearms offenses, and appeal their sentences. Finding no error, we affirm defendant Stevens's sentence. Because the district court improperly departed upward from the sentencing guidelines when sentencing Gutierrez, however, we vacate his sentence and remand for resentencing.

BACKGROUND

In 1990 and 1991 Appellant Stevens repeatedly purchased guns from Texas pawn shops, intending to resell them to a man named Tony, a New York resident who then sold the guns in New York. Each time he purchased these guns, Stevens was required to complete Federal Bureau of Alcohol, Tobacco and Firearms (ATF) forms. On these forms, he falsely asserted that he was not a convicted felon, and that he was the true purchaser of the weapons. In reality,

Stevens had been convicted of three burglaries and the Louisiana offense of aggravated crime against nature.

In June 1991, Stevens met Appellant Gutierrez who claimed to be Tony's friend. Gutierrez accompanied Stevens to pawn shops to choose the weapons Stevens would purchase for Tony. Stevens purchased 24 guns chosen by Gutierrez, 20 of which were semi-automatic handguns.

ATF agents arrested Stevens and Gutierrez in July 1991. Both were indicted for knowingly making false statements in connection with the gun purchases in violation of 18 U.S.C. § 922(a)(6), and for aiding and abetting in violation of 18 U.S.C. §2.[1] Stevens was also indicted for possession of a firearm by a convicted felon in

---

[1]  18 U.S.C. § 922(a)(6) states in part:

   (a)  It shall be unlawful --

      (6) for any person in connection with the acquisition of any firearm or ammunition from a licensed . . . dealer . . . to make any false or fictitious oral or written statement . . . intended or likely to deceive . . . dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 2 states:

   (a)  Whoever commits an offense against the United States or aides, abets, counsels, commands, induces, or procures its commission, is punishable as a principle.

   (b)  Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principle.

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[2]  Both men

pleaded guilty to the crimes charged.  In sentencing Stevens, the

court applied the Armed Career Criminal Provision, § 4B1.4, of the

sentencing guidelines, and sentenced him to 188 months

imprisonment, supervised release of five years, and a $10,000 fine.

In sentencing Gutierrez, the court departed upward from the

guidelines, and sentenced him to 30 months imprisonment, supervised

released of three years, and a $25,000 fine.  Neither Stevens nor

Gutierrez objected during sentencing, but both now complain on

appeal, asking this Court to reverse and remand for resentencing.

### ANALYSIS

Because Appellants failed to object during sentencing, we

review their sentences for plain error.  United States v. Navejar,

---

[2]  18 U.S.C. § 922(g)(1) states:

> (g)  It shall be unlawful for any person --
> (1) who is under indictment for, or who has
> been convicted in any court of, a crime
> punishable by imprisonment for a term
> exceeding one year;

> to ship or transport any firearm or ammunition in
> interstate or foreign commerce.

18 U.S.C. § 924(e)(1) states:

> (e)(1)  In the case of a person who violates § 922(g) of
> this title and has three previous convictions by any
> court referred to in § 922(g)(1) of this title for a
> violent felony or a serious drug offense, or both,
> committed on occasions different from one another, such
> person shall be fined not more than $25,000 and
> imprisoned not less than 15 years, and, notwithstanding
> any other provision of law, the court shall not suspend
> the sentence of or grant a probationary sentence to, such
> person with respect to the conviction under § 922(g), and
> such person shall not be eligible for parole with respect
> to the sentence imposed under this subsection.

3

963 F.2d 732, 734 (5th Cir. 1992). "[Plain error] is a mistake so fundamental that it constitutes a 'miscarriage of justice.'" Id. (quoting United States v. Lopez, 923 F.2d 47 (5th Cir. 1991), cert. denied, 111 S.Ct. 2032 (1991)).

STEVENS'S SENTENCE

The following path led the court to § 4B1.4 of the sentencing guidelines, under which Stevens was sentenced. Stevens's three prior burglary convictions and his aggravated crime against nature conviction, when combined with his guilty plea for shipping firearms interstate in violation of 18 U.S.C. § 922(g)(1), activated 18 U.S.C. § 924(e). Section 924(e) provides:

> In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years . . .

In turn, § 924(e) activated the Armed Career Criminal provision, § 4B1.4, of the sentencing guidelines,[3] and the court sentenced Stevens accordingly.

Stevens argues on appeal that the court erred in sentencing him and never should have arrived at § 4B1.4. Specifically, he contends that he does not have three violent felony convictions so as to activate § 924(e), and consequently, § 4B1.4. In support of

---

[3] Section 4B1.4(a) provides:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

his contention, Stevens argues that his three burglary convictions should be treated as one violent felony for sentencing purposes. Stevens relies upon the commentary to § 4A1.2 stating that cases are considered "related" if they are part of a common plan, or are consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment (n.3) (1990). He argues that because his three burglaries were committed within weeks of one another as part of a common plan, and he was sentenced for all three on the same day, the three convictions are therefore "related" and should be treated as one for sentencing purposes.

Stevens's reliance on § 4A1.2 commentary is entirely misplaced. Stevens was sentenced under § 4B1.4, not § 4A1.2. Furthermore, the commentary to § 4B1.4 specifically states that "the time periods for the counting of prior sentences under § 4A1.2 are not "applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4, comment (n.1) (1990). Finally, § 924(e) explicitly applies to defendants who "committed [three violent felonies] on <u>occasions different from one another</u>." 18 U.S.C. § 924(e) (emphasis added). Thus, what matters under § 924(e) is whether three violent felonies were committed on different occasions; whether they are considered "related cases" under § 4A1.2 is irrelevant.

Stevens committed three burglaries on three different occasions. Therefore, his sentence was properly enhanced under §

924(e), and he was properly sentenced under § 4B1.4.[4]

## GUTIERREZ'S SENTENCE

When sentencing Gutierrez, the court found a total offense level of twelve and a criminal history category of one, with a corresponding sentencing guideline range of ten to sixteen months. The court departed upward from this range for three reasons, and sentenced Gutierrez to 30 months.

First, the court looked to sentencing guidelines § 5K2.6,[5] permitting upward departure if a weapon or dangerous instrumentality was used or possessed during commission of the crime. We hold that § 5K2.6 is an improper basis for upward departure in this case.

The transportation of firearms in interstate commerce is, technically, a crime in which weapons are used, and therefore seems to warrant a § 5K2.6 upward departure. Practically speaking, however, this section must refer to crimes that may be committed

---

[4] Stevens also argues that his aggravated crime against nature conviction should not be counted as one of the three violent felonies needed to activate enhanced sentencing under § 924(e) and § 4B1.4. Because we find that Stevens's three burglary convictions suffice as the three violent felonies needed, we decline to address whether an aggravated crime against nature is a violent felony for § 924(e) and § 4B1.4 purposes.

[5] Section 5K2.6 of the sentencing guidelines provides:

   If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

with or without the use of a weapon, otherwise, every firearms sentence would require upward departure. Allowing upward departure for _every_ firearms offense seems contrary to the Sentencing Commission's intention that courts rarely depart from the guidelines. See, U.S.S.G. at 1.6 (1990). We therefore find § 5K2.6 an incorrect basis for departing upward in sentencing Gutierrez and constitutes plain error.

Second, the court determined that the sentencing guidelines did not consider Gutierrez's frequent purchases of weapons,[6] and that the repeated nature of his conduct warranted upward departure. We find no error in this basis for departure.

Gutierrez argues that upward departure on this basis was improper according to the sentencing guidelines introduction. Gutierrez has misinterpreted the introduction, however, to state that sentencing guidelines provide sentencing based upon the total number of weapons involved, regardless of the number of transactions that took place to acquire the weapons.[7] In fact, the introduction expresses the Sentencing Commission's concern that prosecutorial discretion over a defendant's indictment might carry

---

[6] Section 5K2.0 allows for departure from the applicable guideline range "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines that such result in a sentence different from that described.'"

[7] "[T]he guidelines treat a three count indictment, each count of which charges sale of 100 grams of heroin or theft of $10,000 the same as a single count indictment charging sale of 300 grams of heroin or $30,000." U.S.S.G. Ch.1, Pt.A, Intro. comment 4(a) (1990).

over into his sentencing. In other words, the Commission sought to control count manipulation that arises when, for example, a prosecutor charges one defendant with three counts of selling one gram of heroin, but later charges another defendant who committed the same offense with one count of selling three grams of heroin. In the commission's eyes, both defendants should receive equal sentences.

In this case, we are not concerned with potential manipulation of repeated <u>counts</u> against Appellant. Rather, we are faced with repeated <u>conduct</u> by Appellant, and a sentencing court that concluded that the dangerous nature of this conduct warranted an upward departure. The court believed, and we agree, that a criminal defendant who has repeatedly engaged in an illegal activity evidences a dangerousness not apparent in a defendant who has acted illegally only once. The sentencing guidelines allow for upward departure in atypical cases,[8] and we agree with the district court that this is such a case.

As previously stated, we review the district court's departure for plain error. We do not find that the court plainly erred by using the repeated nature of Appellant's conduct as a basis for departing upward in sentencing.

The court's third basis for upward departure was its determination that the twenty semi-automatic weapons purchased were military-type weapons, thereby warranting an upward departure under

---

[8]U.S.S.G. Ch.1, Pt.A, Intro. comment 4(b) (1990).

8

Application Note 2 of § 2K2.2.[9]  We find no plain error in this basis for departure.

In reaching its conclusion, the district court considered and rejected the reasoning in United States v. Schular, 907 F.2d 294 (2nd Cir. 1990).  In that case, the Second Circuit held:

> Congress, in enacting various firearm control laws (and the Sentencing Commission in defining their applicable offense levels), divided firearms into two relevant classes, machine guns and all other firearms. . . . Even upon reconsideration in the 1989 amendment to the Sentencing Guidelines, the Sentencing Commission adhered to the statutory classifications and did not specifically distinguish semi-automatic firearms.

Schular, 907 F.2d at 297 (citations omitted).

The Second Circuit went on to hold that semi-automatic weapons did not warrant upward departure because the only firearms warranting such departure under § 2K2.2 Application Note 2 were those listed by the Commission as examples in the note:  machine guns, automatic weapons, and assault rifles.  In rejecting the Second Circuit's reasoning, the district court determined that the military-type weapons listed in the application note were only a list of examples; a list that was not exclusive.  The court then concluded that the twenty semi-automatic weapons were military-type weapons because the military has issued such weapons, specifically the Colt 45, and 9 MM Berreta.  We decline to hold that the court plainly erred in reaching this conclusion.

_____

[9]  Application Note 2 of § 2K2.2 states in part that "[a] upward departure especially may be warranted in the case of large numbers of military type weapons (e.g., machine guns, automatic weapons, assault rifles."  U.S.S.G. § 2K2.2, comment (n.2) (1990).

<u>CONCLUSION</u>

For the foregoing reasons, Stevens's sentence is AFFIRMED. Gutierrez's sentence, however, is VACATED and the case is REMANDED for resentencing.