16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lannie E. SHAFFER, Defendant-Appellant.
 No. 93-5337.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 26, 1994.
Feb. 10, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-266-2)
 Hunt L. Charach, Federal Public Defender, Charleston, WV, for appellant.
 Michael W. Carey, U.S. Atty., Kelly D. Ambrose, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lannie E. Shaffer entered a guilty plea to a charge of possessing a sawed-off shotgun in violation of 26 U.S.C.A.Secs. 5861(d), 5871 (West 1989). He appeals his sentence of fifty-seven months, alleging that the district court erred in departing upward by two levels for discharge of the weapon, U.S.S.G. Sec. 5K2.6, p.s.,* and in refusing to award him a reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. We affirm.
 
 
 2
 Shaffer's arrest and conviction occurred because of an argument he had with Nancy Belcher, his common-law wife of ten years, on June 30, 1992, during which Belcher called police. Before sentencing, the government moved for an upward departure under guideline section 5K2.6 for discharge of a firearm in the commission of the offense. Shaffer did not dispute that he had fired the gun or that he was intoxicated at the time. The issue, as framed by defense counsel at the sentencing hearing, was whether, when Shaffer fired the shotgun, he was either shooting at someone, or was shooting with the intent of threatening someone. He did not contest the propriety of a departure under section 5K2.6 if there was evidence that Shaffer had so fired the shotgun.
 
 
 3
 Shaffer and Belcher both testified at the sentencing hearing. Belcher testified that Shaffer had become angry when she refused to accompany him to a bar and had fired the shotgun toward the wall of the kitchen where their daughter was washing dishes. She said that she sent the children next door, and she and Shaffer continued to fight outside the house, where he held the gun on her briefly, and that she heard the gun go off again while she was walking away to call the police. She said she never thought he actually meant to shoot her. Belcher's testimony was consistent with her initial call to police, in which she said that Shaffer had shot at her and physically assaulted her, and a later telephone interview with an investigator for the Federal Public Defender's Office, in which Belcher said Shaffer had fired the shotgun inside the house.
 
 
 4
 Shaffer acknowledged at the sentencing hearing that he was intoxicated on the day of the incident. However, he stated that he did not want to go to a bar, and that the argument occurred instead because Belcher wanted a ride to town. He said that he fired the shotgun only outside the house, after Belcher walked off to call the police, and aimed it toward an area where targets were sometimes set up for shooting practice. He admitted that he had been treated for alcoholism in the past, and that he was not allowed to enter a local bar because he and a friend had once fired a gun into it.
 
 
 5
 Forced to make a credibility determination, the district court found that Shaffer did not intend to harm Belcher or the children, but nevertheless had fired the shotgun in the presence of his wife and children while angry and drunk "in order to get her [Belcher's] attention and express his displeasure in a meaningful way." It found that this conduct warranted a two-level departure. The court found Belcher's account more credible even though it recognized that Belcher falsely stated that she had never applied for welfare benefits.
 
 
 6
 On appeal, Shaffer argues that the departure was erroneous because the reasons which the district court gave as justification for departing are factors which are adequately considered under the guidelines. He also argues that, under the third prong of the test set out in United States v. Hummer, 916 F.2d 186 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991), even if the court identified factors which might support a departure, no departure should result because his conduct was not sufficiently serious. Because these arguments were not presented to the district court, they are reviewed for plain error. United States v. Bornstein, 977 F.2d 112, 115 (4th Cir.1992).
 
 
 7
 Hummer specifies that the district court's specific reason for the departure is reviewed de novo to determine whether it encompasses factors not adequately considered under the guidelines. The factual support in the record for the factor which may warrant departure is reviewed for clear error. The decision that the factor is of sufficient importance that a departure should result, and the decision as to the extent of the departure, are reviewed for abuse of discretion. 916 F.2d at 192.
 
 
 8
 Guideline section 5K2.6 authorizes an upward departure when a weapon was used or possessed in the commission of the offense, and suggests that the discharge of a weapon might warrant a substantial increase.
 
 
 9
 Shaffer contends that the district court departed because of his use of the gun, his status as a convicted felon, and the fact that he was drunk during the incident. In fact, Shaffer's prior conviction for aggravated robbery was not given as a reason for the departure by the district court, although it did note that Shaffer's participation in an unrelated incident involving a sawed-off shotgun, for which he was never charged, made Belcher's account more credible.
 
 
 10
 Shaffer maintains that gun usage was considered by the Sentencing Commission in formulating section 2K2.1 because a specific offense characteristic addresses use of a firearm in connection with another felony offense (section 2K2.1(b)(5)) and a cross-reference addresses use of a firearm in connection with commission or attempted commission of another offense if the resulting guideline would be greater (section 2K2.1(c)). Neither would apply in this case, however. Shaffer did not use the shotgun in connection with another felony. Although his conduct could give rise to a charge of unlawful assault under W. Va.Code Sec. 61-2-9 (1992), which penalizes an act which places another in reasonable apprehension of immediately receiving a violent injury, this offense is a misdemeanor punishable by not more than six months in jail. The cross-reference would not be used because it would not result in a greater offense level.
 
 
 11
 Shaffer further argues that section 5K2.0 is not intended to apply when the gun used is the gun which is illegally possessed unless the "use" is like that in Application Note 18 to section 2K2.1 (use in other than firearm offense, or to facilitate another firearm offense). He cites United States v. Medina-Gutierrez, 980 F.2d 980, 983 (5th Cir.1992), which held that a departure under section 5K2.6 was improper where the defendant was convicted of making false statements in connection with gun purchases. Medina-Gutierrez is distinguishable because in that case the defendant "used" the gun simply by transporting it to another state for sale after purchasing it. The"use" involved was also the basis for the firearms offense. The Fifth Circuit held that if a departure for this kind of use of a firearm were intended under section 5K2.6, every firearms conviction would require a departure.
 
 
 12
 By contrast, Shaffer discharged his shotgun. This kind of use went beyond the illegal possession which was the basis of his conviction. Application Note 18 provides support for the propriety of a departure in these circumstances.
 
 
 13
 Shaffer asserts that alcohol abuse is not a ground for departure. However, guideline section 5H1.4, p.s., directs that alcohol abuse is not a ground for a downward departure. The departure here was based on Shaffer's act of firing the shotgun in the presence of his family while in a drunken condition, not on his long-term alcohol abuse.
 
 
 14
 Therefore, the district court did not plainly err in finding that Shaffer's discharge of the shotgun was conduct not adequately considered under section 2K2.1. Moreover, the court did not plainly err in finding that a departure should result from Shaffer's conduct, because it involved a potential threat to the lives of others.
 
 
 15
 Although the probation officer had tentatively recommended a three-level downward adjustment for acceptance of responsibility, after hearing Shaffer testify the district court decided that no reduction should be given. It found that Shaffer had not demonstrated "the type of disclosure and the type of acceptance of responsibility that the Court is willing to credit and it's a discretionary call with the Court."
 
 
 16
 Shaffer contends that, because he admitted possessing the sawed-off shotgun and discharging it, he was entitled to the three-level reduction. The commentary to section 3E1.1 instructs that a guilty plea and truthful admission of conduct comprising the offense of conviction is indicative of acceptance of responsibility, but is not conclusive evidence of it. U.S.S.G. Sec. 3E1.1, comment. (nn. 1(a), 3). Such admissions may be outweighed by conduct inconsistent with acceptance of responsibility. In this circumstance, the district court's evaluation of acceptance of responsibility is entitled to great deference, U.S.S.G. Sec. 3E1.1, comment. (n.4), although its decision is not simply discretionary, as Shaffer correctly argues. Its factual finding on acceptance of responsibility is reviewed for clear error. United States v. Harriott, 976 F.2d 198, 202 (4th Cir.1992). The court's determination of the relative credibility of Shaffer and Belcher is not reviewable. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989) (witness's credibility determinations not reviewable).
 
 
 17
 The court found as a fact that Shaffer had intentionally discharged his shotgun under circumstances which presented a danger to his wife and children to get Belcher's attention and express his anger. It found that Shaffer had not admitted this aspect of his conduct, which was significant enough to warrant a departure. On the record before us, we cannot say that the district court was clearly erroneous in so finding.
 
 
 18
 The judgment of the district court is therefore affirmed. Shaffer's motion for oral argument is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)