**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-30405

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARDELL HELMSTETTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

( June 7, 1995 )

Before POLITZ, Chief Judge, EMILIO M. GARZA and STEWART, Circuit Judges.

POLITZ, Chief Judge:

Convicted of being a felon in possession of a firearm,[1] Wardell Helmstetter appeals his conviction and sentence. Finding neither error nor abuse of discretion, the conviction and sentence are affirmed.

---

[1] 18 U.S.C. § 922(g)(1).

## Background

Several officers of the New Orleans police force entered the apartment of Helmstetter, a convicted felon, to execute an arrest warrant for his suspected role in the shooting of a federal witness. Helmstetter was handcuffed and placed in a chair in the living room of the apartment. Two officers remained with Helmstetter while the others began a protective sweep search of the apartment.

One of the officers with Helmstetter observed what appeared to be the magazine of an automatic weapon protruding from under the chair in which Helmstetter was seated. She immediately seized the weapon which proved to be a Cobray Mac-11 semiautomatic pistol with 19 rounds in the magazine.

Prior to his trial for being a felon in possession, Helmstetter moved to suppress the weapon as the tainted product of a warrantless search. The district court denied the motion. The jury found Helmstetter guilty. He challenges his conviction solely on the grounds that the weapon should have been suppressed.

At sentencing Helmstetter sought a downward adjustment in the offense level calculation for his acceptance of responsibility. He contends that his counsel adequately admitted his guilt during closing argument to warrant a finding that he had accepted responsibility for the offense. The district court rejected this contention and departed upward from the sentencing guideline range of 37 to 46 months, sentencing Helmstetter to 60 months imprisonment, opining that the type of firearm involved and

Helmstetter's history of weapon and drug offenses justified the upward departure.    Helmstetter appeals both aspects of the sentencing procedure.

### Analysis

In challenging his conviction, Helmstetter maintains that because he was "arrested, subdued and handcuffed" he could not have readily reached the weapon and, thus, the officer's removal of the weapon from under his chair amounted to a warrantless search and seizure.    This contention lacks merit.    In **Chimel v. California**, the Supreme Court held that a lawful arrest permits a warrantless search of the area "within which [the arrestee] might gain possession of a weapon or destructible evidence."[2]    The limited restraint placed on Helmstetter impeded but did not prevent him from reaching the readily accessible weapon.[3]    In taking possession of the weapon the arresting officers did not conduct an illegal search and the court did not err in declining to suppress the evidence.

Helmstetter next challenges the district court's refusal to give him credit for acceptance of responsibility under section 3E1.1 of the sentencing guidelines, notwithstanding his trial counsel's admission of guilt during closing arguments. Application Note 2 to section 3E1.1 states that the acceptance of

---

[2]395 U.S. 752, 763 (1969).

[3]**United States v. Sanders**, 994 F.2d 200 (5th Cir.) (noting that handcuffs limit, but do not prevent, an arrestee's ability to reach surrounding objects), cert. denied, 114 S.Ct. 408 & 114 S.Ct. 608 (1993).

responsibility adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."[4]  Moreover, we have upheld a denial of this adjustment when the record contains, as here, no statement of remorse or contrition by the defendant.[5]  The trial court did not err in refusing to grant this offense level reduction.

Finally, Helmstetter contends that the sentencing judge erred in failing to assign adequate reasons for the upward departure. Albeit Spartan, the record contains reasons sufficient to support the 14-month upward departure.  The court reflected upon Helmstetter's prior record with weapon and drug offenses and then focused on the specific weapon involved, a semiautomatic pistol with a large magazine capacity which falls within a class of weapons appropriately deemed paramilitary in style and operation.[6] The possession of this type weapon by a felon with an extensive criminal history of drug and weapons violations supports the upward

---

[4]U.S.S.G. § 3E1.1 cmt. n.2 (1994).  See **United States v. Maldonado**, 42 F.3d 906 (5th Cir. 1995) (upholding denial of acceptance of responsibility adjustment when defendant went to trial to challenge admissibility of evidence, but otherwise admitted possession of it).

[5]**United States v. Nevarez-Arreola**, 885 F.2d 243 (5th Cir. 1989).

[6]See **United States v. Medina-Gutierrez**, 980 F.2d 980 (5th Cir. 1992) (finding semiautomatic handguns to be military-type weapons).

departure herein.[7]

The conviction and sentence are AFFIRMED.

---

[7]<u>See</u> **United States v. Robinson**, 898 F.2d 1111, 1118 (6th Cir. 1990) ("We believe that the district court may take into account the nature of the firearm, whether it is automatic and intended to be used in the drug trade."); **United States v. Thomas**, 914 F.2d 139 (8th Cir. 1990) (upholding upward departure based on dangerousness of weapon coupled with fact that firearms were loaded and the assaultive nature of past offense); **United States v. Tyler**, 7 F.3d 228, 1993 WL 385135 (4th Cir. 1993) (unpublished), <u>cert</u>. <u>denied</u>, 114 S.Ct. 980 (1994); **Medina-Gutierrez** (noting that semiautomatic handguns are military-type weapons warranting upward departure under section 2K2.2 cmt. n.2 (now basically section 2K2.1 cmt. n.16)).