**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 15, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10871
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LEE FANNIN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-19-ALL
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommy Lee Fannin ("Fannin") appeals the sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon. For the first time on appeal, Fannin argues that the district court erroneously determined that he was an armed career criminal because his three previous convictions for aggravated robbery with a deadly weapon were related under U.S.S.G. § 4A1.2(a)(2). Fannin additionally argues that the district court erroneously rejected his testimony at sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and erroneously found that he possessed the firearm in connection with a controlled substances offense.  Fannin further contends that the district court erred by denying his objections to a two-level increase assessed pursuant to U.S.S.G. § 2K2.1(b)(4) and a four-level increase assessed pursuant to U.S.S.G. § 2K2.1(b)(5).

As Fannin's three prior violent felony offenses were committed on different occasions, he qualified as an armed career criminal under 18 U.S.C. § 924(e) regardless whether the prior convictions were related under U.S.S.G. § 4A1.2, and the district court did not commit error, plain or otherwise, in so finding. See United States v. Medina-Gutierrez, 980 F.2d 980, 982-83 (5th Cir. 1992).  The evidence in the record shows that the district court's determination that Fannin possessed the firearm in connection with a controlled substances offense was not clearly erroneous.  See United States v. Vazquez, 161 F.3d 909, 912 (5th Cir. 1998).  The district court's rejection of Fannin's testimony to the contrary is a credibility determination that we will not disturb on appeal.  See United States v. Perez, 217 F.3d 323, 331-32 (5th Cir. 2000).  Because the remainder of Fannin's arguments concern only offense level increases that did not affect his guidelines sentencing range as an armed career criminal under U.S.S.G. § 4B1.4, those arguments are moot.  See United States v. Mankins, 135 F.3d 946, 950 (5th Cir. 1998).

AFFIRMED.