United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30462
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DEMPSEY CLOMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30005-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dempsey Cloman pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Pursuant to 18 U.S.C. § 924(e), he received an enhanced sentence of 188 months of imprisonment, to be followed by a five-year term of supervised release.

Cloman argues that the district court erred in counting his convictions for two December 1989 residential burglaries, committed six days apart, as separate offenses for purposes of § 924(e).  The district court did not so err.  See United States

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. White, 465 F.3d 250, 253 (5th Cir. 2006); United States v. Medina-Gutierrez, 980 F.2d 980, 982-83 (5th Cir. 1992).  Cloman does not argue that his aggravated arson conviction was not a qualifying predicate offense for purposes of § 924(e). Consequently, we need not consider his argument that his two convictions for burglary of a high school were not qualifying predicate offenses for § 924(e) purposes.

Cloman invites us to overrule the precedent set in United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997), that possession of a firearm during a burglary has been held to be "in connection with" the burglary for purposes of U.S.S.G. § 2K2.1. It is the firm rule of this circuit that one panel may not overrule the decisions of another without en banc consideration or an intervening Supreme Court opinion.  See Hoque v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).

AFFIRMED.