# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 05-10749
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

THEOPHILOS OLUYINKA OKURIBIDO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-338-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Theophilos Oluyinka Okuribido appeals the sentence imposed following his guilty plea convictions for illegal reentry into the United States after having been deported and aiding and abetting the theft of government property.

Okuribido entered his plea in accordance with a plea agreement wherein he waived his right to appeal from his sentence and reserved only the right to appeal a sentence exceeding the statutory maximum punishment, an upward departure from the guideline range deemed applicable by the district court, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an arithmetic error at sentencing. Accordingly, his claims that the district court erred in calculating his base offense level and his criminal history are barred under the plea agreement. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

Okuribido also challenges the district court's 96 month sentence as unreasonable. The sentence represented a two-level upward departure under U.S.S.G. § 4A1.3. Because Okuribido did not object to the district court's upward departure, his argument is reviewed for plain error. See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

Contrary to Okuribido's argument, uncounted convictions may provide a basis for an upward departure. See U.S.S.G. § 4A1.3(a)(2)(A); United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). Further, repeated acts of similar criminal activity are an acceptable basis for an upward departure. See § 4A1.3(a)(1); United States v. Medina-Gutierrez, 980 F.2d 980, 984 (5th Cir. 1992). Thus, although Okuribido's prior convictions were counted toward his criminal history score, his recidivism is an independent factor warranting an upward departure. Further, the record reveals that Okuribido was a habitual criminal alien whose crimes became progressively more serious and sophisticated. It was thus not unreasonable for the court to give Okuribido an upward departure of two levels. See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). Okuribido has failed to establish that his sentence was plainly erroneous. The judgment of the district court is AFFIRMED.