# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20735
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ARTURO MONJARAZ-REYES, also known as Arturo Monjaraz, also known as Arthur Monjaraz

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-127-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arturo Monjaraz-Reyes (Monjaraz) appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States following removal subsequent to a conviction for an aggravated felony. Monjaraz argues that the district court abused its discretion by upwardly departing from the guidelines sentence range based upon his criminal history because his criminal history was not sufficiently egregious to justify an upward departure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from criminal history category VI. He maintains that the extent of the departure was arbitrary and not supported by the record. Monjaraz additionally argues that the sentence was unreasonable because the district court did not consider his proffered mitigation based upon his ties to the United States.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), a district court may impose three types of sentences: "(1) a sentence within a properly calculated Guideline range; (2) a sentence that includes an upward or downward departure as allowed by the Guidelines, which sentence is also a Guideline sentence; or (3) a non-Guideline sentence which is either higher or lower than the relevant Guideline sentence." United States v. Tzep-Mejia, 461 F.3d 522, 525 (5th Cir. 2006). The sentence in this case was a guidelines sentence with an upward departure pursuant to U.S.S.G. § 4A1.3.[1]

Monjaraz had 21 criminal history points, far more than the 13 points needed for criminal history category VI. He was also apprehended for being unlawfully present in the United States following removal on two occasions, but he was removed without being criminally charged. While Monjaraz argued that these removals were akin to an arrest record that should not be considered for purposes of making an upward departure, see U.S.S.G. § 4A1.3(a)(3), the removals were properly considered by the district court as prior civil adjudications of similar misconduct and similar adult criminal conduct not resulting in a conviction. See § 4A1.3(a)(2)(C), (E). Given Monjaraz's long criminal record and repeated unlawful presence in the United States, the district court did not abuse its discretion by making an upward departure pursuant to § 4A1.3. See United States v. Pennington, 9 F.3d 1116, 1118 (5th Cir. 1993); United States v. Medina-Gutierrez, 980 F.2d 980, 984 (5th Cir. 1992).

---

[1] We do not reach the district court's alternative imposition of the same sentence as a non-guidelines upward deviation from the guidelines range.

Although the district court did not discuss its reasons why intervening offense levels were inadequate, those reasons can be gleaned from the court's discussion justifying the upward departure. Monjaraz has not shown that the district court made a procedural error in applying the upward departure. See United States v. Zuniga-Peralta, 442 F.3d 345, 348 n.2 (5th Cir. 2006).

Given that the district court made no significant procedural error when it upwardly departed, we next look to whether the sentence was substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007). The district court imposed a sentence of 71 months of imprisonment, 30 months greater than the upper limit of the guidelines sentence range applicable without the upward departure. Given Monjaraz's extensive criminal record, Monjaraz has not shown that the extent of the departure was an abuse of discretion or that the sentence was unreasonable. See Zuniga-Peralta, 442 F.3d at 346-48; United States v. Lee, 358 F.3d 315, 328-29 (5th Cir. 2004); United States v. McKenzie, 991 F.2d 203, 205 n.7, 206 n.8 (5th Cir. 1993).

AFFIRMED.