# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2018

Lyle W. Cayce
Clerk

No. 17-50866
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL LEOS-BELTRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-48-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Angel Leos-Beltran appeals his 48-month sentence following his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326(b)(1). The district court calculated Leos-Beltran's guidelines range as 15 to 21 months of imprisonment, and, on appeal, he challenges his sentence as an upward departure under U.S.S.G. § 4A1.3 and, alternatively, as a variance under 18 U.S.C. § 3553(a). There is conflicting evidence in the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as to the type of sentence the district court imposed, but Leos-Beltran has failed to show any reversible error in either case.

First, Leos-Beltran contends that the district court erred in departing upward under § 4A1.3 because it failed to follow the requisite method of calculating the extent of the departure. Because Leos-Beltran did not raise an objection to the district court's methodology under § 4A1.3(a)(4) below, our review is for plain error only. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To show plain error, Leos-Beltran must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that a sentencing error affected his substantial rights, Leos-Beltran must demonstrate a reasonable probability that he would have received a lesser sentence but for the error. *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

While Leos-Beltran is correct that the district court did not explicitly follow the methodology set forth in § 4A1.3(a)(4), *see United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc), even assuming *arguendo* a clear or obvious error, Leos-Beltran fails to establish a reasonable probability that he would have received a lesser sentence despite the purported error. Importantly, there is no indication that the district court would have been inclined to impose an imprisonment term of less than 48 months if it had explicitly followed the methodology set forth in § 4A1.3(a)(4). The district court gave several reasons for upwardly departing, including that Leos-Beltran used multiple aliases and had five prior illegal reentry convictions, seven formal deportations, and 12 other removals, all of which showed a high likelihood of recidivism or a "likelihood that [he] will commit" the offense again.

No. 17-50866

§ 4A1.3(a)(1); *see United States v. Monjaraz-Reyes*, 285 F. App'x 146, 147 (5th Cir. 2008).  The district court also expressed that the 48-month sentence would afford adequate deterrence and protect the public.  Leos-Beltran has not satisfied his burden of showing that his substantial rights were affected by any purported error concerning the methodology required under § 4A1.3(a)(4).  *See Davis*, 602 F.3d at 647.

As for Leos-Beltran's challenge to the district court's sentence as an upward variance under § 3553, we review that claim for plain error as well because Leos-Beltran failed to raise the issue in the district court.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  On appeal, he argues that his 48-month sentence, viewed in light of his prior, shorter sentences for illegal reentry, fails to meet the sentencing goal of deterrence.

Leos-Beltran has failed to establish that the district court plainly erred in varying upwardly from the guidelines range.  The record supports a determination that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in determining that an upward variance was justified.  The district court stated that it had considered multiple § 3553(a) factors, and, notably, Leos-Beltran's prior history consisting of five illegal reentry convictions, seven deportations, 12 informal removals, and the use of multiple names in the United States.  Leos-Beltran's argument that a shorter sentence would better serve the sentencing goal of deterrence is belied by the record, which demonstrates that his past illegal reentry convictions, which resulted in relatively shorter prison sentences, did not, in fact, deter him from reoffending.  Additionally, his sentence, which was 27 months above the top of the applicable advisory guidelines range, was not so disproportionate as to overcome the factors that warranted its imposition.  *See United States v. Brantley,* 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.