USCA1 Opinion

 

 September 18, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1698 UNITED STATES, Appellee, v. GERALD HOYT HUMPHREY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Tina Schneider on brief for appellant. ______________ Jay P. McCloskey, United States Attorney, and F. Mark Terison, _________________ ________________ Assistant U.S. Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Gerald Hoyt Humphrey appeals his ___________ sentencing as an armed career criminal under 18 U.S.C.  924(e), claiming that he did not have the requisite three convictions for crimes committed on "occasions different from one another." The district court found that Humphrey's crimes of armed robbery, on the one hand, and attempted murder and kidnapping, on the other, had been committed on different occasions, so that his convictions for those crimes qualified as two of the required three convictions. (Humphrey also had a previous conviction for manslaughter.) As the district court found, those crimes are different in nature and were committed on different days and at different locations. We add as well that they were committed against different victims. Under the circumstances, it is clear that the district court did not err in sentencing Humphrey as an armed career criminal. Compare, e.g., United States v. ______________ _____________ Ressler, 54 F.3d 257, 259-60 (5th Cir. 1995); United States _______ ______________ v. Hudspeth, 42 F.3d 1015, 1020-22 (7th Cir. 1994) (en banc), ________ cert. denied, 115 S. Ct. 2252 (1995); United States v. _____________ _____________ Rideout, 3 F.3d 32, 34 (2d Cir.), cert. denied, 114 S. Ct. _______ _____________ 569 (1993) (all determining that crimes committed the same night were committed on different occasions because they were committed at different times, against different victims, at different locations); cf. United States v. Gillies, 851 F.2d ___ ______________ _______ 492, 497 (1st Cir.) (convictions for robberies of two different stores on consecutive days qualified as two of the three requisite convictions under an earlier version of 18 U.S.C. 924(e)), cert. denied, 488 U.S. 857 (1988).  ____________ Affirmed. _________ -3-