UNITED STATES of America,
Appellee,

v.

Albert PANEQUE, Defendant,

John Darco, Defendant–Appellant.

Docket No. 01–1389.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

B. Alan Seidler, Nyack, NY, for Appellant.

Mark J. Lesko, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Jo Ann M. Navickas, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Present NEWMAN, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant John Darco appeals from a judgment entered on July 10, 2001, in the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge* ) convicting him, after a jury trial, of (1) three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); (2) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; (3) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (5) prison escape in violation of 18 U.S.C. § 751(a), and sentencing him to 346 months of imprisonment, five years of supervised release, restitution of $51,876, and a special assessment of $700. Darco's convictions were based upon his participation in three armed robberies of a single branch of the Olympian Bank in Brooklyn, New York, on November 29, 1999, December 24, 1999, and January 12, 2000.

On appeal, Darco argues, *inter alia,* that (1) the evidence was insufficient to support the jury's guilty verdicts on all counts; (2) two of the armed robbery counts were "legally insufficient" because the govern-

ment failed to prove that the bank was insured by the Federal Deposit Insurance Corporation during the November and December robberies; (3) Darco was denied the effective assistance of counsel; and (4) the district court's conclusion that Darco was an "armed career criminal" contravened *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

■ First, Darco argues that the evidence was insufficient to support the jury's guilty verdicts. During the trial, three eyewitnesses identified Darco as the individual who had robbed the Olympian Bank. The government also introduced circumstantial evidence that strongly corroborated the eyewitness identifications. Darco principally argues that the eyewitness identifications were not "reliable" because they were tainted by an earlier "show up" identification, which the police conducted shortly after Darco's arrest.

In *United States v. Canady,* 126 F.3d 352 (2d Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1092, 140 L.Ed.2d 148 (1998), we explained:

> In challenging the sufficiency of the evidence to support his conviction, a defendant bears a heavy burden. In reviewing such a challenge, we review the evidence presented at trial in the light most favorable to the government. We draw all inferences and resolve all issues of credibility in the government's favor.... [W]e must affirm the conviction so long as, from the inferences reasonably drawn, the fact finder might fairly have found guilt beyond a reasonable doubt.

*Id.* at 356 (internal citations and quotation marks omitted). In light of this standard, the evidence was plainly sufficient to support the jury's guilty verdicts on all counts.

■ Second, Darco argues that two of the armed robbery counts were "legally insufficient," by which he apparently means that the government either failed to charge, or failed to prove, that the Olympian Bank was insured by the FDIC during the November and December robberies, a necessary element of the crime. *See United States v. Sliker,* 751 F.2d 477, 483–85 (2d Cir.1984). He is not correct.

The indictment alleged, *inter alia,* that the Olympian Bank was insured by the FDIC during all three robberies. During the trial, Darco's counsel stipulated that the Olympian Bank was insured by the FDIC during all three robberies. Moreover, the government introduced an FDIC insurance certificate, marked Exhibit 2, which stated that the Olympian Bank was insured by the FDIC between May 8, 1989 and January 12, 2000.[1] The FDIC element was properly charged and amply proved by the government.

■ Third, Darco argues that defense counsel rendered ineffective assistance by (1) stipulating to the existence of FDIC insurance during the November and December robberies; (2) failing to cross-examine eight witnesses; and (3) personally investigating alleged encounters between Darco and two witnesses, thereby depriving Darco of any witnesses to the investigation's results.

A defendant who alleges a Sixth Amendment violation must demonstrate both that (1) counsel's conduct fell below an objective standard of reasonableness and that

---

1. Darco alleges that the Presentence Investigation Report contradicted these submissions. It did not. As the district court explained, the Report simply stated that the Olympian Bank was insured by the Royal Insurance Company, which is in no way inconsistent with its being covered by FDIC insurance.

(2) but for counsel's deficient conduct, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Counsel's conduct was not unreasonable. There was no error in stipulating to the FDIC insurance, in the light of the ample evidence available to establish its existence. There were good strategic reasons for counsel to avoid cross-examining the eight witnesses. And there was no good reason for counsel not to partake in an investigation of the possible encounters, in order to assist the investigator appointed by the court.

In addition, there was no prejudice. There is no basis for a conclusion that had counsel behaved otherwise in each instance, the result of the trial would have been different.

Fourth, Darco argues that the district court's conclusion that he was an "armed career criminal" contravened *Apprendi* and the ACCA. Under *Apprendi*, Darco argues that the jury, rather than the court, should have determined whether he had three prior convictions under the ACCA. We rejected the same argument in *United States v. Santiago*, 268 F.3d 151, 157 (2d Cir.2001), *cert. denied*, 535 U.S. 1070, 122 S.Ct. 1946, 152 L.Ed.2d 849 (2002). Under the ACCA, Darco argues that he did not actually have "three prior convictions" because his earlier bank robberies were part of a single criminal scheme, for which he was charged in a single indictment, and sentenced to a single term of imprisonment. We rejected this argument in *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir.), *cert. denied*, 510 U.S. 999, 114 S.Ct. 569, 126 L.Ed.2d 469 (1993).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.