09-1874-cr
United States v. Darco

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand nine.

PRESENT:   JON O. NEWMAN,
            JOHN M. WALKER, JR.,
            GERARD E. LYNCH,
                                *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                *Appellee,*

            v.                                          No. 09-1874-cr

JOHN DARCO,
                                *Defendant-Appellant,*

ALBERT PANEQUE,
                                *Defendant.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        B. Alan Seidler, New York, New York.

APPEARING FOR APPELLEE:         Michael Yaeger, Assistant United States Attorney, (Emily Berger, Assistant United States Attorney, on the brief) for Benton Campbell, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York

(Charles P. Sifton, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

In 2000, a jury convicted John Darco of three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and prison escape in violation of 18 U.S.C. § 751(a). In 2001, the district court sentenced him to 346 months' imprisonment. In 2008, Darco moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and the district court denied that motion. Darco appeals that denial.

## I. Armed Career Criminal Determination

At sentencing, the district court found Darco to be an armed career criminal within the meaning of the Armed Career Criminal Act, 18 U.S.C. 924(e), because he had previously been convicted of three bank robberies.[1] The court therefore applied the provisions of United

---

[1] 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

States Sentencing Guidelines ("U.S.S.G.") Section 4B1.4,[2] thereby increasing his criminal history category ("CHC") from III to VI[3] and his offense level from 32 to 34, yielding a Guidelines range of 262 to 367 months' imprisonment.

Darco appealed his sentence, arguing that he should not be considered an armed career criminal because his three prior robbery convictions had come in a single case, based on a single series of transactions that led to a single concurrent sentence. In 2002, we rejected that argument based on our prior holding in *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir. 1993). *See United States v. Paneque*, 60 F. App'x. 339, 342 (2d Cir. 2002).

Several years thereafter, Darco sought a sentence reduction under § 3582(c)(2). That section provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has

---

[2] Section 4B1.4 provides:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
> (b) The offense level for an armed career criminal is the greatest of: . . . .
> (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with . . . a crime of violence . . . .
> (c) The criminal history category for an armed career criminal is . . . .
> (2) Category VI, if the defendant used or possessed the firearm or ammunition in connection with . . . a crime of violence . . . .

[3] In its April 21, 2009 Memorandum and Order, the district court incorrectly stated that Darco's CHC was enhanced to level IV. In fact, at sentence, the district court noted that Darco's CHC was VI.

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Darco bases his argument on the 2007 Amendment 709 to U.S.S.G. Section 4A1.2. Section 4A1.2 instructs courts how to count multiple prior sentences when computing a defendant's criminal history, and Amendment 709 altered the way past offenses are counted for that purpose.[4] Darco argues that Amendment 709 compels the district court to count his prior convictions as one offense rather than three when determining whether to sentence him as an armed career criminal. If the court had counted those convictions as one offense, Darco would not have been considered an armed career criminal.

But Darco's argument misses the mark. Amendment 709 changed how multiple convictions are counted only for the purpose of calculating a defendant's criminal history points under U.S.S.G. § 4A1.2. But § 4A1.2 does not bear on the calculation of Darco's sentence. Darco's sentence was enhanced under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4,

---

[4] Amendment 709 provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . . If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

4

which are entirely separate from U.S.S.G. § 4A1.2. *Cf.* U.S.S.G. § 4B1.4 cmt n.1 (noting that the time periods for the counting of prior sentences under § 4A1.2 do not apply to "the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)."). Amendment 709 did not change how multiple convictions are counted for the purpose of these provisions. A change in a Guideline governing how convictions are counted for purposes of the criminal history score does not supersede this court's interpretation of a separate statute that has its own approach to counting prior convictions, which remains good law and is the law of this case. Amendment 709 speaks only to the calculation of Darco's criminal history points under U.S.S.G. § 4A1.2, and it does not lower the sentencing Guideline range calculated for Darco pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

In any event, even if Amendment 709 did pertain to Darco's sentencing Guideline range, that amendment cannot serve as the basis of a § 3582(c)(2) motion because the Sentencing Guidelines do not specify that the amendment applies retroactively. Section 3582(c)(2) authorizes sentence reductions only to the extent "consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement specifies those amendments that apply retroactively to permit such reductions; Amendment 709 is not on the list. U.S.S.G. § 1B1.10(a), (c). *See United States v. Caceda*, 990 F.2d 707, 710 (2d Cir. 1993) ("Only certain enumerated amendments are specified by the Guidelines as exceptions to the general rule that amendments are not to be applied retroactively even though appellate review has not been concluded. . . . [T]he pertinent amendment is not

5

among those explicitly stated to be retroactive by the Sentencing Commission, and should not be applied retroactively.") (internal quotation marks and citations omitted).

## II.  Consecutive Mandatory Minimum Sentence Issue

Darco's conviction under 18 U.S.C. § 924(c)(1)(A) carried a mandatory seven-year sentence because Darco brandished a gun in the course of the robbery.  The district court imposed that sentence to run consecutively to his sentence on the § 922(g) count, which called for a mandatory minimum of fifteen years.  Darco argues that his § 924(c)(1)(A) sentence is "illegal" because it was contrary to *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), which hold that a district court may not impose a consecutive mandatory minimum sentence for a § 924(c) violation if the court imposes a longer mandatory minimum sentence on another count of conviction.

We decline to review this argument.  First, Darco failed to raise this argument in the district court.  Second, Darco's sentence reduction motion under § 3582(c)(2) authorizes a court to modify his sentence only if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Since this argument does not implicate any sentencing range that has subsequently been lowered, § 3582(c)(2) is not the proper vehicle for it.  To the extent that Darco challenges the *legality* of the sentence imposed, the proper vehicle for such a challenge would be a motion pursuant to 28 U.S.C. § 2255.  However, we express no views

6

as to whether, on such a motion, the rule of *Whitley* and *Williams* would be available on collateral attack.

     For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court