09-3495-pr
Brown v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2010

(Argued: October 20, 2010          Decided: March 1, 2011)

Docket No. 09-3495-pr

_____

ACESHUNN BROWN,

*Petitioner-Appellant,*

-v.-

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:     WINTER, LIVINGSTON, and LYNCH, *Circuit Judges.*

Petitioner-Appellant Aceshunn Brown ("Brown") appeals from a district court order and judgment denying his 28 U.S.C. § 2255 petition for resentencing. Brown argues that his sentence was improper because, under the United States Sentencing Guidelines, he lacked the three prior convictions for a violent felony or serious drug offense needed to be sentenced as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The district court held that Brown was properly sentenced under the ACCA. We hold,

contrary to Brown's claim here, that the applicability of the ACCA's mandatory minimum is governed by our prior interpretation of the statute, *see United States v. Rideout*, 3 F.3d 32 (2d Cir. 1993), and that the Guidelines do not displace either § 924(e) or our case law interpreting it. Accordingly, we affirm the district court's denial of the petition.

Affirmed.

MARILYN S. READER, Larchmont, NY, *for Petitioner-Appellant*.

RICHARD T. LUNGER, Assistant United States Attorney (David C. James, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Aceshunn Brown ("Brown") appeals from an order and judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*) denying his 28 U.S.C. § 2255 motion for resentencing. In 2008, Brown pleaded guilty to one count of possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"),[1] Brown was sentenced to the minimum 15 years of

---

[1] 18 U.S.C. § 924(e) provides in relevant part:

In the case of a person who violates section 922(g) of this title and

2

imprisonment. The sentencing court found that Brown had the requisite total of three qualifying convictions. Brown had two convictions for attempted robbery; although he was simultaneously sentenced for both offenses, they were committed at different times and against different victims. Brown also had a state conviction for drug possession with intent to distribute. If the ACCA had been found inapplicable, Brown's maximum sentence would have been ten years, 18 U.S.C. § 924(a)(2), while his Guidelines criminal history category (IV) and offense level (18) would have yielded a sentencing range of 41 to 51 months.

Brown argues on appeal that he was improperly sentenced as an armed career criminal because his two attempted robbery convictions should have been treated as a single conviction. Brown points to section 4A1.2(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), which instructs courts on how to count multiple prior sentences when computing a defendant's criminal history. Where prior offenses are not separated by an intervening arrest, § 4A1.2(a)(2) directs a sentencing court to count prior sentences separately unless, in relevant

has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be. . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

part, "the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2)(B). Brown contends that § 4A1.2(a)(2) required the court to count his three prior convictions as two offenses for the purpose of sentencing under § 924(e). Had the court counted Brown's two robbery convictions as one offense, he would not have been sentenced as an armed career criminal.

On an appeal from the denial of a § 2255 motion, our review of a district court's conclusions of law is *de novo*. *See Ventry v. United States*, 539 F.3d 102, 110 (2d Cir. 2008); *see also United States v. Ravelo*, 370 F.3d 266, 269 (2d Cir. 2004) ("A district court's legal interpretation of the Guidelines is subject to *de novo* review."). Brown failed to raise the argument urged here at sentencing, however, and the government contends, accordingly, that we are limited to plain error review. We need not address the question, however, because we conclude that Brown's argument is, in any event, without merit.

Section 924(e)(1) expressly provides that the ACCA's mandatory minimum is triggered by the defendant's commission of "three previous convictions. . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *United States v. Rideout*, 3 F.3d 32 (2d Cir. 1993), we found that the defendant's two offenses in that case were "committed on occasions different from one another" for the purposes of § 924(e), despite their having occurred on the same day (and in the absence of

4

any intervening arrest). *Rideout*, 3 F.3d at 35. We reasoned that the offenses were "committed against different victims separated by at least twenty to thirty minutes and twelve to thirteen miles," and thus constituted distinct episodes. *Id.* Since then, we have reaffirmed our holding in *Rideout.* We recently held that considerations relevant to whether two convictions arise from conduct committed on different occasions "include whether the victims of the two crimes were different, whether the crimes were committed at different locations, and whether the crimes were separated by the passage of time." *United States v. Daye*, 571 F.3d 225, 237 (2d Cir. 2009) (citing *Rideout*, 3 F.3d at 34-35); *see also United States v. Brown*, No. 09-4991-cr, 2011 U.S. App. LEXIS 78 at *6-*7 (2d Cir. Jan. 5, 2011) (per curiam) (quoting *Daye* and *Rideout*).

Brown's reliance on U.S.S.G. § 4A1.2 is misplaced, and this Court's interpretation of § 924(e)'s approach to counting prior convictions remains good law and is the law of this case. Section 4A1.2 speaks only to the calculation of criminal history points and does not bear on the calculation of Brown's ACCA sentence, which was enhanced pursuant to § 924(e) and U.S.S.G. § 4B1.4.[2]

---

[2] Section 4B1.4 of the Guidelines, entitled "Armed Career Criminal," governs sentencing enhancements under the ACCA. *See* U.S.S.G. § 4B1.4 cmt. 1. It provides:

(a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

These provisions provide specifically for how prior convictions are to be counted pursuant to the ACCA. *See United States v. Maxey*, 989 F.2d 303, 308 (9th Cir. 1993) ("There is no indication that the definitions in section 4A1.2(a). . . apply in determining whether one 'is subject to' section 4B1.4 of the Guidelines and section 924(e)."); *see also United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998) (same); *United States v. Medina-Gutierrez*, 980 F.2d 980, 983 (5th Cir. 1992) (same); *cf.* U.S.S.G. § 4B1.4 cmt. n.1 (noting that the time periods for the

(b) The offense level for an armed career criminal is the greatest of:
    (1) the offense level applicable from Chapters Two and Three; or
    (2) the offense level from § 4B1.1 (Career Offender) if applicable; or
    (3) (A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or
        (B) 33, otherwise.

(c) The criminal history category for an armed career criminal is the greatest of:
    (1) the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or
    (2) Category VI, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or
    (3) Category IV.

U.S.S.G. § 4B1.4.

counting of prior sentences under § 4A1.2 do not apply to "the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)"). Section 4A1.2 has no bearing on this question and does not supersede our well-established precedent on this subject. Because Brown's two convictions for attempted robbery clearly arose from conduct committed on different occasions, Brown was properly sentenced as an armed career criminal under § 924(e)(1).

For the foregoing reasons, the judgment of the district court is AFFIRMED.