NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2641
_____

UNITED STATES OF AMERICA

v.

HARON TUCKER
also known as
RONALD TUCKER
also known as
DANIEL SMITH

Haron Tucker,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 08-cr-230-1)
District Judge: Honorable Nora Barry Fischer

_____

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2012

_____

Before: GREENAWAY, JR., GREENBERG, and COWEN, *Circuit Judges*.

(Opinion Filed: January 24, 2013)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Haron Tucker ("Tucker") appeals the District Court's June 10, 2011 judgment and sentence of 180 months of imprisonment. Tucker pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). His counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the essential facts.

While on patrol in police vehicles on June 21, 2007, City of Pittsburgh police officers saw a group of men, including Tucker, standing in front of a building. As the officers approached in their vehicles, they observed Tucker backing away from the group while holding the right side of his waistband. When the officers exited their vehicles, Tucker fled and the officers pursued him. During the pursuit, Tucker took a gun from his waistband and threw it into some bushes. Tucker was soon apprehended and a .380

2

millimeter Bersa automatic handgun was recovered from the bushes.

A federal grand jury charged Tucker with possessing a firearm while being a convicted felon. Tucker's counsel filed two motions: a motion to dismiss the Indictment on jurisdictional grounds and a motion to suppress Tucker's post-arrest statements.

Tucker subsequently pled guilty to possession of a firearm by a convicted felon. The Presentence Report ("PSR") reflected an advisory Guideline range of 168 to 210 months of imprisonment. However, because Tucker was also designated as an armed career criminal under the Armed Career Criminal Act ("ACCA"), the lower end of the sentencing range rose to a mandatory minimum of 180 months of imprisonment. Tucker sought a downward variance, asserting that the statutory sentencing enhancement under § 924(e) was inapplicable and that the mitigating provisions of U.S.S.G. § 4A1.2 should apply. The District Court rejected these arguments and sentenced Tucker to 180 months of imprisonment.

## II. Jurisdiction

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In Anders v. California, 386 U.S. 738, 744 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds

that there are no nonfrivolous issues to appeal." United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000). The attorney must always "support his client's appeal to the best of his ability." Anders, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id.

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." Marvin, 211 F.3d at 779-80. Thus, this Court's inquiry when considering a lawyer's Anders brief is two-fold: we must determine "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). In accordance with 3d Cir. L.A.R. Rule 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel." United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009) (quotation marks omitted).

## III. Analysis

Counsel thoroughly reviewed the record and concluded that: (1) the record provides no support for a motion to invalidate the guilty plea; (2) the motion to dismiss the indictment for lack of subject matter jurisdiction lacks merit based on Third Circuit

4

precedent; (3) the suppression motion was rendered moot by the guilty plea and, even if this were not the case, it lacks merit on appeal; and (4) the sentence imposed by the District Court was both procedurally and substantively sound.

## A. Validity of Guilty Plea

A criminal defendant's guilty plea is considered valid if entered "knowing[ly], voluntary[ily] and intelligent[ly]." United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008). To ensure that a plea is knowing and voluntary, the district court must "address the defendant personally in open court," Fed. R. Crim. P. 11(c), advise defendant of the consequences of his or her plea, and ensure that defendant understands them. United States v. Schweitzer, 454 F.3d 197, 202 (3d Cir. 2006) (citing Boykin v. Alabama, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11(c)).

To challenge the validity of his guilty plea, Tucker would have had to demonstrate that the requirements of Rule 11 of the Federal Rules of Criminal Procedure and the constitutional requirements of Boykin had not been satisfied. However, having reviewed the plea colloquy and record, counsel found no basis for the argument that Tucker's plea was unknowing, involuntary, or unintelligent. We agree with counsel's conclusion that the record shows Tucker's plea was knowingly and voluntarily made.

## B. Motion to Dismiss for Unconstitutionality of Statute

Tucker moved to dismiss the Indictment for lack of federal subject matter jurisdiction, on the ground that the weapon described in the Indictment was never in

interstate commerce because it had been manufactured overseas and imported into Pennsylvania, where it remained until his arrest. Tucker argued that his conviction under 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm "in or affecting commerce" by a convicted felon, was therefore an unconstitutional over-reach into intra-state affairs. Tucker relied on Supreme Court rulings in three cases which limit the federal government's ability to justify legislation by the Commerce Clause: United States v. Lopez, 514 U.S. 549 (1995); United States v. Morrison, 529 U.S. 598 (2000); and Jones v. United States, 529 U.S. 848 (2000).

The motion to dismiss was terminated as moot due to Tucker's guilty plea. Renewing this argument would be frivolous because this Court has held § 922(g)(1) to be a constitutional exercise of Congress' Commerce Clause powers, even after Lopez, Morrison, and Jones. See United States v. Coward, 296 F.3d 176 (3d Cir. 2002). Coward reaffirmed the reasoning of United States v. Singletary, which held that "[s]ection 922(g)(1), by its very terms, only regulates those weapons affecting interstate commerce by being the subject of interstate trade" and fits squarely within Congress's commerce power. 268 F.3d 196, 204 (3d Cir. 2001).

Proof that the possessed firearm had previously traveled in interstate commerce is sufficient to satisfy the required nexus between possession and commerce. Scarborough v. United States. 431 U.S. 563 (1977). In this case, the interstate commerce element of the offense was met because, as Tucker himself asserted, the gun referenced in the

6

Indictment had been manufactured overseas and imported into the United States. Counsel is correct that renewing a motion to dismiss on jurisdictional grounds has no merit on appeal.

### C. Motion to Suppress Statements

Tucker also moved to suppress statements he made to the arresting officer after being apprehended, arguing that they were the product of custodial interrogation elicited without the warnings prescribed by Miranda v. Arizona, 384 U.S. 436 (1966). Tucker maintained, in the alternative, that the coercive climate of the arrest and the experience of being handcuffed rendered his post-arrest statements inadmissible and subject to suppression.

Tucker's counsel notes that this motion was terminated as moot by Tucker's guilty plea. A defendant's unconditional, knowing and voluntary guilty plea acts as a waiver of non-jurisdictional defects, Washington v. Sobina, 475 F.3d 162 (3d Cir. 2007), including waiver of pre-trial claims that police illegally seized evidence or elicited inculpatory testimony without first administering Miranda warnings, Tollett v. Henderson, 411 U.S. 258, 267 (1973)). The challenge to statements made while in custody was waived by the guilty plea and is not appealable.

Even if the suppression motion had not been foreclosed from appellate review by the guilty plea, the motion would fail on its merits. The record shows that Tucker was not subject to interrogation from police at the time he made the inculpatory statements;

instead, he spontaneously volunteered his reason for running from police. A motion to suppress his statements would, therefore, be frivolous.

### D. Reasonableness of Sentence

Finally, Tucker may challenge the reasonableness of the sentencing, including the imposition of a fifteen-year sentence under 18 U.S.C. § 924(e).

In evaluating an appeal of a sentence, we review the District Court's sentencing decision under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009). Procedurally, a district court must (1) calculate a defendant's sentence under the Sentencing Guidelines, (2) formally rule on any departure motions and state on the record whether it is granting a departure, and (3) exercise its discretion by considering the factors set forth in 18 U.S.C. 3553(a). See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). If the sentence was procedurally reasonable, this Court considers the substantive reasonableness of the sentence based on the totality of the circumstances. See Tomko, 562 F.3d at 567 (citing Gall, 552 U.S. at 51).

At sentencing, Tucker made several objections to the PSR. Relying on § 4A1.2(2)[1] of the Sentencing Guidelines, he argued that two prior drug offenses were

---

[1] Section 4A1.2(2) provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or

8

related cases, consolidated for hearing, and should be treated as one for the purpose of computing his criminal history. Tucker also argued that these two convictions should not be counted separately towards the three predicate offenses required for the application of the ACCA. Tucker relied on the mistaken assertion that the two 2001 Pennsylvania state court convictions, noted at paragraphs 27 and 28 of the PSR, occurred only eight days apart. In fact, the crimes were separated by approximately sixteen months and were properly counted as individual crimes for the purpose of criminal history points.

With respect to the ACCA, this Court has adopted the "separate episodes" test for the application of the statute, holding that "where the defendant receives multiple convictions in a single judicial proceeding … the individual convictions may be counted for the purposes of sentencing enhancement so long as the criminal episodes were distinct in time."[2] United States v. Schoolcraft, 879 F.2d 64, 73 (3d Cir. 1989) (citing United States v. Towne, 870 F.2d 880, 889 (2d Cir. 1989)). Despite the fact that the two convictions in question were consolidated for plea and sentence, the two state court convictions occurred many months apart at "distinct points in time," and were properly counted as separate offenses.

---

(B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence."

[2] This Court went on to say that its adoption of the "separate episode test" accords with both the meaning of the unambiguous statutory language and the legislative intent underlying the ACCA. United States v. Schoolcraft, 879 F.2d 64, 74 (3d Cir. 1989).

Tucker also sought a variance on fairness grounds. He maintained that the statutory sentencing enhancement under § 924(e) should not be applied because it over-represents the seriousness of his criminal history. Tucker suggested that the proper course of action for sentencing is to apply the mitigating provisions of U.S.S.G. § 4A1.2(a)(2) to the determination regarding whether he was lawfully designated as an Armed Career Criminal. The District Judge considered this argument but found that the applicability of the ACCA enhancement is determined under a separate test from that of the Guidelines calculation for criminal history points under § 4A1.2(a)(2). See Brown v. United States, 636 F.3d 674, 676 (2d Cir. 2011).

Counsel is correct that § 4A1.2 neither mandates a lower sentence nor informs the application of the ACCA. Therefore, the District Court did not err in interpreting the Guidelines as independent of the statutorily prescribed minimum sentence. See Dorsey v. United States, 132 S.Ct. 2321 (2012) (noting that maximum or minimum sentence set by sentencing statutes trumps the Sentencing Guidelines, and a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum).

Counsel also points out that it would be frivolous to claim that the District Court erred in denying Tucker's request for a downward variance because 18 U.S.C. § 3553 specifically prohibits sentencing courts from imposing sentences below a stated statutory minimum, unless an explicit exception to the minimum sentence applies. United States v.

10

Winebarger, 664 F.3d 388, 393 (3d Cir. 2011).  See also United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004).   No such exception exists in this case.

Prior to recognizing that a mandatory minimum sentence of 180 months was required, the District Court correctly calculated Tucker's sentence under the Sentencing Guidelines, formally ruled on Tucker's departure motions, stated his reasons on the record, and considered the factors set forth in 18 U.S.C. § 3553(a).  The District Court sentence was procedurally and substantively sound and no nonfrivolous challenge to the sentencing procedure exists.

## VI.    Conclusion

We find that no nonfrivolous issues exist for consideration on appeal.  We will grant counsel's motion to withdraw, pursuant to Anders, and affirm the judgment and sentence of the District Court.  Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court.  See 3d Cir. L.A.R. 109.2(b).