**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1183
_____

UNITED STATES OF AMERICA

v.

CHARLES SWAN,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-13-cr-00075-001)
District Judge:  Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2016

Before:  CHAGARES, GREENAWAY, JR., and RESTREPO, <u>Circuit Judges</u>.

(Filed: October 3, 2016)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

     Charles Swan appeals his sentence imposed after his conviction for being a felon

in possession of a firearm, and his counsel moves to withdraw as counsel pursuant to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

<u>Anders v. California</u>, 386 U.S. 738 (1967).  For the following reasons, we will grant the motion to withdraw and affirm the District Court's judgment.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition.  On July 12, 2012, York City Police noticed Swan driving a vehicle with an expired registration.  The police stopped the car, but Swan left his car and fled on foot.  During the ensuing chase, Swan threw a pistol.  Swan was eventually arrested, and the police recovered the firearm.  Swan later admitted that the firearm was his.

An indictment was filed charging Swan with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Swan knowingly and voluntarily entered into a guilty plea agreement for the single count in the indictment.  The plea agreement stated that if Swan qualified as an armed career criminal, the count carried a mandatory minimum sentence of 15 years.  When Swan entered his guilty plea, the District Court asked him if he understood that if he was found to be an armed career criminal he would face a mandatory minimum sentence of 15 years.  Swan stated that he understood.  Prior to this conviction, Swan was convicted three times for possession with the intent to deliver cocaine under Pennsylvania law.

The District Court later held a sentencing hearing and imposed the mandatory minimum sentence of 180 months of imprisonment.

Swan filed a timely appeal.  His attorney has filed a motion to be relieved pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no non-frivolous issues for appeal.  Swan has filed his own <u>pro</u> <u>se</u> brief.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

When counsel files a motion to withdraw under Anders we follow a two-step process. First, we consider whether counsel has adequately fulfilled the requirements of Local Appellate Rule 109.2(a), which requires filing a brief, compliant with the requirement set forth in Anders to identify "anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744. Second, we consider "whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If our review reveals any merit to the appeal, we appoint substitute counsel, order supplemental briefing, and restore the case to the calendar.

## III.

On appeal, defense counsel and the Government argue that there are no remaining issues of merit. In his pro se briefing, Swan challenges his sentence, arguing that his three prior convictions for drug trafficking offenses do not qualify as three separate convictions that would subject him to a mandatory minimum term of imprisonment of 15 years under 18 U.S.C. § 924(e)(1).[1]

---

[1] Under § 924(e), also known as the Armed Career Criminal Act ("ACCA"), a person convicted under § 922(g) who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e).

In the first step of our analysis, we conclude that defense counsel's Anders brief is inadequate. Counsel has not "scoured the record in search of appealable issues." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). While counsel need not raise every possible claim of error, counsel must "adequately attempt[ ] to uncover the best arguments for his or her client." Id. at 781. Counsel has not.

In his Anders brief, defense counsel does not identify the issue raised by Swan in his pro se briefing: whether Swan's convictions for possession with the intent to deliver cocaine on July 19 and 23, 1999 were offenses "committed on occasions different from one another" under the ACCA. 18 U.S.C. § 924(e)(1). Nor does defense counsel address the additional issues discussed by the Government: whether the guilty plea was knowing and voluntary, and whether the sentence was procedurally and substantively reasonable.

However, the fact that the Anders brief is inadequate does not end our review. At the second step of our analysis, we conclude that the appeal is frivolous. Therefore, for the reasons below, we will allow counsel to withdraw.

We have set forth a three-step framework for district courts to follow when sentencing a defendant. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). First, a district court must calculate a guidelines sentence as it would have been prior to United States v. Booker, 543 U.S. 220 (2005). Id. Second, the district court must formally rule on any motions for departure and state how that departure affects the guidelines calculation. Id. Third, the district court must exercise discretion by considering relevant 18 U.S.C. § 3553(a) factors regardless of whether it varies from the guidelines sentence. Id.

Swan challenges the District Court's determination at step one of his sentencing — the finding that he is an armed career criminal under § 924(e). We have unequivocally determined that a conviction under Pennsylvania law "for possession with intent to distribute cocaine is a 'serious drug offense' and properly serve[s] as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA." United States v. Abbott, 748 F.3d 154, 160 (3d Cir. 2014) (quoting 18 U.S.C. § 924(e)). Swan has been convicted of possession with the intent to distribute cocaine at least three times under Pennsylvania law, so he qualifies as an armed career criminal under § 924(e). See id. In 2006, Swan was convicted of possession with intent to deliver cocaine. In 1999, he was convicted of four counts of possession with intent to deliver cocaine: three counts arose on July 19, 1999, and one count arose on July 23, 1999.

Swan argues that all four counts in 1999 — on both July 19 and July 23 — should be treated as a single offense. We disagree. In support of his position, Swan points to the Presentence Report, which stated that criminal history points were not assessed for the July 23, 1999 conviction as it was considered a "single sentence" with the July 19, 1999 conviction under U.S.S.G. § 4A1.2(a)(2). But § 4A1.2 has no bearing on the application of the ACCA. See Brown v. United States, 636 F.3d 674, 676 (2d Cir. 2011). "Section 4A1.2 speaks only to the calculation of criminal history points and does not bear on the calculation of [a defendant's] ACCA sentence." Id.; see also United States v. Maxey, 989 F.2d 303, 308 (9th Cir. 1993) ("The district court correctly rejected [defendant's] argument that guideline section 4A1.2's related offense doctrine should determine whether section 924(e) is applicable.").

5

We have adopted a "separate episode test" to examine multiple convictions under the ACCA, requiring that "the criminal episodes be distinct in time," but not mandating that "the three predicate offenses be separated by intervening convictions." United States v. Schoolcraft, 879 F.2d 64, 73–74 (3d Cir. 1989). Even though Swan's three counts on July 19 occurred on the same day, the July 23 count must be treated as a separate offense. See id.; see also United States v. Blair, 734 F.3d 218, 228–29 (3d Cir. 2013) (holding that three burglaries counted as predicate offenses for the ACCA since they "occurred on separate occasions because the criminal episodes were distinct in time and targeted different geographic locations and victims" (citations and quotation marks omitted)). Therefore, even if we assume without deciding that the three counts on July 19 are a single offense under the ACCA, Swan was still convicted of two offenses in 1999. Placing those two 1999 offenses alongside his 2006 conviction, he has satisfied the three offense predicate requirement under the ACCA. See Abbott, 748 F.3d at 160.

There are no other colorable issues associated with Swan's guilty plea or sentencing. The guilty plea was knowing and voluntary. In this matter, no departures were requested by either Swan or the Government. The District Court considered the § 3553(a) factors and ultimately imposed the mandatory minimum sentence of 15 years.

IV.

For the foregoing reasons, we will grant the motion to withdraw and affirm the District Court's judgment. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court. See 3d Cir. L.A.R. 109.2(b) (2011).

6