11-0812-cr
United States v. Gonzalez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                        REENA RAGGI,
                                    *Circuit Judges*,
                        JED S. RAKOFF,
                                    *District Judge.*[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                        *Appellee*,

                        v.                                                            No. 11-0812-cr

ROBERT ANTHONY GONZALEZ,
                        *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:                    Donald DuBoulay, Esq., New York, New York.

FOR APPELLEE:                      Jillian B. Berman, Marissa Molé, Michael D. Maimin, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on February 28, 2011, is AFFIRMED.

Robert Anthony Gonzalez appeals the judgment of conviction after a bifurcated jury and bench trial for counts of conspiracy to commit robbery and attempted robbery under the Hobbs Act, see 18 U.S.C. § 1951; carrying and possessing a firearm in relation to a robbery conspiracy, see 18 U.S.C. § 924(c)(1)(A)(i), (c)(2); possession of crack cocaine with intent to distribute, see 18 U.S.C. § 841(b)(1)(C); and being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1). On appeal, Gonzalez challenges (1) the denial of his motion to suppress, (2) the sufficiency of the evidence to prove the Hobbs Act interstate commerce element, (3) the district court's finding that he constructively possessed a firearm, and (4) an evidentiary ruling pertaining to the crack cocaine count. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Motion to Suppress

In appealing the denial of his motion to suppress, Gonzalez relies on arguments already rejected by this court in considering the appeal of his co-defendants. See United States v. Gonzalez, 441 F. App'x 31, 33–35 (2d Cir. 2011). For the same reasons stated in that order, we identify no error in the district court's determination that suppression was unwarranted because the officers had probable cause to arrest Gonzalez and to search the vehicle from which evidence was seized.

2.    Interstate Commerce

Gonzalez concedes that his sufficiency challenge is foreclosed by our precedent that the "jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect will suffice." United States v. Wilkerson, 361 F.3d 717, 726 (2d Cir. 2004) (internal quotation marks omitted). The evidence in this case easily satisfied this standard. Not only did the target store sell televisions manufactured outside New York, but also the evidence showed that Gonzalez's co-defendant specifically intended to steal such a television. To the extent Gonzalez urges a different sufficiency standard for interstate commerce, this panel is required to follow our precedent on this issue until reversed by the court en banc or by the Supreme Court. See id. at 732.

3.    Constructive Possession of a Firearm

Gonzalez contends that the district court clearly erred in finding, by a bifurcated bench trial, that he was a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1); United States v. Brennan, 650 F.3d 65, 92 (2d Cir. 2011) (reviewing findings of fact after bench trial for clear error). The record defeats the argument.

To establish constructive possession, the government was required to prove that Gonzalez had "the power and intention to exercise dominion and control" of the firearm. United States v. Greer, 631 F.3d 608, 614 (2d Cir. 2011) (internal quotation marks omitted). This requirement was satisfied by evidence that Gonzalez, one of two designated "shooters" for the planned robbery, Tr. 647, exercised control over the weapon by instructing a co-defendant to place it in the vehicle in which Gonzalez traveled to the scene of the crime.

3

Insofar as the district court stated, "I find he was in possession of that pistol on March 25, 2008, and it is implicit in the jury's verdict that he was in possession of that pistol," Tr. 1634, Gonzalez submits that the latter conclusion is erroneous. The point merits little discussion. The district court, aware of the full record, independently found that Gonzalez constructively possessed the weapon. Its observation that the jury's verdict signaled the same finding did not dictate the court's own ruling. In any event, given the entirety of the evidence, we are not "left with the definite and firm conviction that a mistake has been committed" so as to warrant finding clear error. United States v. Cerna, 603 F.3d 32, 39 (2d Cir. 2010) (internal quotation marks omitted).

4.    Evidentiary Ruling

Gonzalez submits that arresting officer Patrick McKernan should not have been permitted to testify to quantities of crack he had recovered from crack purchasers in prior "buy-bust" operations because (1) such testimony was not relevant, see Fed. R. Evid. 401; and (2) even if relevant, was not admissible as lay opinion under Fed. R. Evid. 701 but, rather, required McKernan to be qualified as an expert under Fed. R. Evid. 702. We review a district court's decision to admit evidence for abuse of discretion, and we will reverse only if an error affects substantial rights. See United States v. Garcia, 413 F.3d 201, 210 (2d Cir. 2005).[1]

---

[1] Gonzalez complains that the government should have provided the reports of McKernan's prior arrests under the Jencks Act. See 18 U.S.C. § 3500(b). Gonzalez does not raise this point as an independent ground for reversal, however, but only mentions it as a reason that any error is not harmless. Because we identify no error warranting reversal, we do not reach harmlessness, and thus we discuss the issue no further.

This deferential standard applies with particular force to a relevancy challenge, in light of the district court's "superior position to assess relevancy." United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010). Thus, we will not identify an abuse of discretion with respect to relevancy unless the ruling was arbitrary and irrational. See id. That is not this case. The district court acted well within its discretion in finding that McKernan's testimony that the many purchasers he arrested had possessed, on average, one or two bags of crack cocaine had some tendency to make it more probable that Gonzalez's possession of twenty-three bags evinced an intent to distribute rather than to use. See Fed. R. Evid. 401. Gonzalez's contrary arguments go to weight rather than admissibility. See United States v. Coppola, --- F.3d ----, 2012 WL 456514, at *18 (2d Cir. 2012). Indeed, Gonzalez urged the jury to place little weight on McKernan's prior-purchase testimony. Under these circumstances, we identify no abuse of discretion warranting reversal.

Nor do we identify error in the district court's decision's to admit McKernan's testimony without requiring him to be qualified as an expert. The district court carefully limited McKernan's direct testimony to facts the witness personally observed, thereby obviating the need to satisfy the requirements of Fed. R. Evid. 701 and 702 regarding opinion testimony.[2] To the extent opinion was elicited on cross-examination, Gonzalez can hardly

---

[2] Insofar as the government argues that McKernan's testimony would satisfy the requirements of Rule 701 for lay opinion testimony, Gonzalez cannot dispute that McKernan's testimony was rationally based on his perception, see Fed. R. Evid. 701(a), and our relevancy ruling supports a conclusion that the testimony was helpful to determining a fact at issue, see id. 701(b). To the extent the testimony was limited to what any person present at various arrests would have seen seized, it can be argued that the testimony was not "based on" specialized knowledge. Id. 701(c). Nevertheless, because the experiences informing the witness's testimony were not obviously familiar to the average person, we do

complain of a failure to satisfy Rule 702 requirements.  See United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (concluding defendant waived appellate review when he encouraged introduction of evidence at trial).

5.    Conclusion

We have considered Gonzalez's remaining arguments and conclude they are without merit.  The judgment of conviction is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

not here conclusively decide that question, which was neither argued to nor decided by the district court.  Rather, we conclude that the district court did not abuse its discretion in admitting the evidence without regard to Rules 701 and 702.